**UNITED STATES of America,**
**Appellee,**

v.

**Juan Carlos CARDONA, Defendant–**
**Appellant.**

No. 02–1640.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2003.

Lawrence D. Gerzog, Law Offices of Lawrence D. Gerzog, New York, NY, for Appellant.

Thomas J. Seigel, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Susan Corkery, Assistant United States Attorney, of counsel), Brooklyn, New York, for Appellee.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

___

* Of the United States District Court for the Eastern District of New York, sitting by desig-

## SUMMARY ORDER

Defendant-appellant Juan Carlos Cardona appeals from a sentence imposed by the district court after he pled guilty, on February 27, 2001, to federal drug charges under 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II). The government made a written request under USSG § 5K1.1 asking the district court for a downward departure from the 135–month minimum sentence prescribed by the Sentencing Guidelines. The district court sentenced Cardona to 50 months.

During the sentencing hearing, the government made comments disfavoring lenience towards Cardona. Based on these comments, Cardona contends that the government violated a standard of "good faith and fair dealing." We are not persuaded that such an obligation exists, but even if it did, the Assistant United States Attorney in the case was not prohibited from bringing relevant facts and his view of them to the district judge's attention.

Also during the sentencing hearing, the district judge stated that:

> [T]hese are exactly the opportunities that the Court has *to reinforce a message to the Colombians* and everyone else in the drug business that these people will be severely punished in court.

(emphasis added). USSG § 5H1.10 prohibits a sentencing court from taking a defendant's "race" or "national origin" into account. In *United States v. Edwardo–Franco*, 885 F.2d 1002 (2d Cir.1989), we vacated and remanded a sentence involving a Colombian defendant because the district court referenced the defendant's Colombian nationality during the sentencing hearing. Again, in *United States v. Leung*, 40 F.3d 577 (2d Cir.1994), we held that comments by the district court which seemed to indicate that sentencing was influenced by the defendant's race or nationality were impermissible, and that a remand for resentencing would be necessary if the court's remarks could lead a reasonable observer to infer that the court was influenced by the defendant's race or nationality. *Id.* at 586–87. Such vacatur and remand does not reflect our belief that the district court actually was biased against that race or nationality, but instead reflects our conviction that courts must be especially careful of even the appearance that a sentence was influenced by such bias. *See Edwardo–Franco*, 885 F.2d at 1005. We conclude that this appeal is governed by those decisions and therefore reverse and remand for resentencing.

We also follow *Leung* in remanding this case to a different district judge. As we said there, "Though we believe the District Judge could fairly sentence on remand, just as he undoubtedly did at the original sentencing, the appearance of justice is better satisfied by assigning the resentencing to a different judge." *Leung*, 40 F.3d at 587.

For the foregoing reasons, the judgment of the district court is hereby VACATED AND REMANDED.